ETHAN JACOBS (SBN 291838)
Ethan Jacobs Law Corporation
ethan@ejacobslaw.com
100 Pine Street, Suite 1250
San Francisco, CA 94111
Telephone: (415) 275-0845

Attorneys for Plaintiff
Keith Griego

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH GRIEGO, <br><br> Plaintiff, <br><br> v. <br><br> OTIS JACKSON JR., a/k/a MADLIB, an individual, MADLIB INVAZION LLC, a California limited liability company, and RAPP CATS LLC, d/b/a RAPPCATS, a California limited liability company, <br><br> Defendants. | Case No.: 2:24-cv-3260 <br><br> **FIRST AMENDED COMPLAINT FOR** <br> 1. **COPYRIGHT INFRINGEMENT** <br> 2. **VICARIOUS AND/OR CONTRIBUTORY COPYRIGHT INFRINGEMENT** <br> 3. **DECLARATORY JUDGMENT OF INVALIDITY OF TRADEMARK REGSISTRATION** <br><br> **JURY TRIAL DEMANDED** |

Plaintiff Keith Griego asserts the claims below against Defendants Otis Jackson, Jr., a/k/a/ Madlib, Madlib Invazion LLC, and Rapp Cats LLC.

## **INTRODUCTION**

1.     In 1999, Keith Griego created an album cover for *Microphone Mathematics* by the hip hop artist Otis Jackson, Jr., known professionally as

1

Madlib. The album cover features an anthropomorphic cartoon character that came to be known as "Quasimoto" or "Lord Quas," and which Mr. Jackson then adopted as his alter ego, reproducing it on further album covers, music videos, and merchandise.

2.     But Mr. Jackson does not own the copyright to Lord Quas, and so his uses of Lord Quas other than on the *Microphone Mathematics* album infringe Mr. Griego's copyright. Yet Mr. Jackson and the other two Defendants—his limited liability company and his partnership—used Lord Quas anyway, without giving Mr. Griego compensation or credit. Even when they knew they did not have rights to Lord Quas, Mr. Jackson and his LLC applied to register a trademark in an image of Lord Quas to facilitate using it to identify their goods and services. And when Mr. Griego told Defendants to stop selling infringing merchandise, they offered no reason they were entitled to continue. But they continued anyway.

3.     Mr. Griego brings this action to seek compensation for Defendants' intentional copyright infringement and to obtain an injunction against their further infringement of his copyright.

**<u>THE PARTIES</u>**

4.     Plaintiff Keith Griego is an individual who lives in Round Rock, Texas.

5.     Defendant Otis Jackson, Jr., a musician known professionally as Madlib, is an individual who, on information and belief, lives in Los Angeles,

2

California.

6.      Defendant Madlib Invazion LLC is a California limited liability company. On information and belief, Otis Jackson, Jr. is the only member of Madlib Invazion.

7.      Defendant Rapp Cats LLC, doing business as Rappcats, operates the website at rappcats.com (the "Rappcats website") that sells music and music-related merchandise and has its principal place of business in Los Angeles, California. On information and belief, Rapp Cats LLC is a California limited liability company whose members are Otis Jackson, Jr., Eothen Alapatt, and Jeff Carlson.

8.      On information and belief, Rapp Cats LLC does not have and has never had an operating agreement.

## JURISDICTION AND VENUE

9.      This action arises under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* This Court has federal question jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1338(a)-(b) (copyright).

10.     Mr. Griego also seeks a declaratory judgment that Madlib Invazion LLC's federal trademark registration is invalid. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201(a), 2202 (Federal Declaratory Judgments Act), 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a)-(b) (trademarks), and 15 U.S.C. § 1121 (Lanham Act).

FIRST AMENDED COMPLAINT

11.     Defendant Otis Jackson, Jr. is subject to personal jurisdiction in this Judicial District because he resides in and does business within this District and State.

12.     Defendant Madlib Invazion LLC is subject to personal jurisdiction in this Judicial District because its principal place of business is within this District and State.

13.     Defendant Rapp Cats LLC is subject to personal jurisdiction in this Judicial District because its principal place of business is within this District and State.

14.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because all the defendants are residents of California, the state in which this District is located.

## COMMON FACTUAL ALLEGATIONS

15.     Around January 1999, Griego created the cover for Mr. Jackson's 1999 album, *Microphone Mathematics*, along with the distinctive character featured on the cover that came to be known as "Quasimoto" or "Lord Quas":

FIRST AMENDED COMPLAINT

16. Mr. Griego created the album cover independently and without guidance, input, or direction from Defendants or anyone else.

17. Mr. Griego is the sole owner of the copyright to the Lord Quas character. He registered the album cover featuring the character with the U.S. Copyright Office on January 7, 2023, receiving Registration No. VA 2-345-457.

18. After the release of *Microphone Mathematics* in early 1999, Mr. Jackson adopted Mr. Griego's illustration as the graphical representation of his alter ego, Quasimoto. In his music videos, Mr. Jackson provided the voice for a cartoon version of Lord Quas, who rapped alongside the "real" Madlib. Mr. Jackson featured the Lord Quas character on other album covers. And he and the other Defendants created and sold a variety of merchandise featuring Lord Quas, including apparel and figurines.

5

19.   Mr. Griego was gratified to see that Madlib appreciated his Lord Quas character so much. At the same time, he was hurt that Defendants continued to use it without compensation, attribution, or permission.

20.   The copyright in the Lord Quas character belongs to the artist who created him—Mr. Griego—and Mr. Griego never assigned his copyright in Lord Quas.

21.   Also, the implied license from Mr. Griego to Mr. Jackson to use Lord Quas on the *Microphone Mathematics* album does not extend to using the character for other purposes.

22.   But Defendants have used Lord Quas for other album covers, on marketing materials, and in a variety of merchandise, and continue to do so.

23.   The Lord Quas t-shirt available Defendants have sold on the Rappcats website even attributed the "original" illustration of Lord Quas to Jeff Jank rather than attributing the character to Mr. Griego:

6

24.     And Defendants were aware of Mr. Griego's rights. On November 28, 2022, Madlib Invazion LLC applied to the United States Patent and Trademark Office ("USPTO")  to register a trademark that is a design mark depicting Lord Quas. Although the application states that the mark was first used in commerce on January 15, 1999—the approximate release date of *Microphone Mathematics*—the specimens submitted with the description "[v]inyl, cassette, and CD for sale featuring Quasimoto and Music Video featuring Quasimoto" are all later recordings, released in 2013, 2014, and 2015. Thus, it appears that Madlib Invazion LLC omitted the specimen from 1999—the *Microphone Mathematics* album cover—because it knew Mr. Jackson does not own the copyright in that work.

25.     Defendants' communications with Mr. Griego support that conclusion. On November 28, 2022—the same day of the trademark application—counsel for Mr. Jackson contacted Mr. Griego without explaining

FIRST AMENDED COMPLAINT

what she wanted to discuss. She later wrote that she wanted to discuss "the Quasimoto trademark," but when Mr. Griego asked her to contact his counsel, she did not.

26.    On January 18, 2023, counsel for Mr. Griego sent a cease and desist letter to Mr. Jackson's counsel. But Defendants—without ever disputing Mr. Griego's rights—did not agree to stop infringing his copyright in the Lord Quas character. A true and correct copy of that letter is attached as Exhibit B.

27.    Madlib Invazion did not withdraw its trademark application, and on May 2, 2023, the USPTO issued a trademark registration for this image of Mr. Griego's Lord Quas character for various goods and services:



28.    A true and correct copy of the registration for that trademark, United States Registration No. 7,043,127 (the "'127 Registration"), is attached as Exhibit A.

29.    And Defendants continued to sell infringing merchandise, including, but not limited to, the following:

30.    The t-shirt "Nite Quas," which was available for sale on the

8

FIRST AMENDED COMPLAINT

Rappcats website starting on approximately May 5, 2021 on the web page with the address https://www.rappcats.com/shop/nite-quas/:



31.    The sweater "Cashmere Quas," which was available for sale on the Rappcats website starting on approximately December 6, 2022 on the web page with the address https://rappcats.com/products/cashmere-quas:



32.    The figurine "Lounge Life: Quasimoto Figure," which was available for sale on the Rappcats website starting on approximately February 3, 2023 on the web page with the address https://rappcats.com/products/lounge-life-yellow:

9



33.    T-shirts featuring Lord Quas, which are available on the Rappcats website on the web page with the address https://rappcats.com/collections/quasimoto/products/quasimoto-classic-blue-on-black:



## FIRST CAUSE OF ACTION

### (Copyright Infringement – Against All Defendants)

34.    All of the allegations above are incorporated by reference.

35.    Defendants, and each of them, have infringed the copyright in the Lord Quas character by copying it, creating unauthorized derivative works based

10

on it, and distributing it on products including album covers and merchandise, all without authorization.

36.   As a direct and proximate result of Defendants' infringement, Mr. Griego is entitled to his actual damages along with Defendants' profits that are attributable to their infringement; alternatively, he is entitled to statutory damages for infringement in the maximum statutory amount allowed.

37.   Defendants threaten to continue to act as alleged above, and unless restrained and enjoined, will continue to do so. Mr. Griego is entitled to permanent injunctive relief to enjoin the wrongful conduct of Defendants alleged above.

## SECOND CAUSE OF ACTION

**(Vicarious and/or Contributory Copyright Infringement – Against Jackson)**

38.   All of the allegations above are incorporated by reference.

39.   On information and belief, Mr. Jackson had knowledge of Rapp Cats' unauthorized copying, creation of derivative works, and distribution of infringing copies of Mr. Griego's Lord Quas character at all relevant times and materially contributed to Rapp Cats' infringement by failing to direct it to stop its infringing activity.

40.   On information and belief, Mr. Jackson has the right and ability to supervise the operation of the Rappcats website, including the display of Lord Quas and the sale of infringing goods on that website, and has a direct financial interest in (and realizes profits through) the infringing conduct alleged in this complaint—

11

specifically, the infringing goods sold through the Rappcats website.

41. As a direct and proximate result of Mr. Jackson's acts of contributory and/or vicarious copyright infringement, Mr. Griego is entitled to his actual damages along with Defendants' profits that are attributable to that infringement; alternatively, he is entitled to statutory damages for infringement in the maximum statutory amount allowed.

## THIRD CAUSE OF ACTION

**(Declaratory Judgment of Trademark Invalidity – Against Madlib Invazion LLC)**

42. All of the allegations above are incorporated by reference.

43. Defendant Madlib Invazion LLC applied for and obtained a trademark registration in an image of Lord Quas. Mr. Griego owns the copyright in the Lord Quas character and Madlib Invazion does not have permission to use Lord Quas other than for the *Microphone Mathematics* album cover. Thus, every use of the mark in the '127 Registration infringes Mr. Griego's copyright and is unlawful. The '127 Registration therefore is invalid.

44. Madlib Invazion's continued use of an image of Lord Quas as a trademark and its assertion of trademark rights in that image create an actual controversy within the jurisdiction of this Court pursuant to 28 U.S.C. §§ 2201 and 2202.

45. Madlib Invazion's continued use of an image of Lord Quas as a trademark and its assertion of trademark rights in that image irreparably harm and

12

FIRST AMENDED COMPLAINT

injure Mr. Griego and will continue to do so unless prevented by this Court.  To resolve the legal and factual questions raised by Madlib Invazion's conduct and to afford relief from the uncertainty that has precipitated, Mr. Griego is entitled to a declaratory judgment stating that the '127 Registration and the Lord Quas mark as used by Madlib Invazion, whether registered or at common law, are invalid and unenforceable.

WHEREFORE, Plaintiff Keith Griego seeks judgment as set forth below.

## **PRAYER FOR RELIEF**

WHEREFORE, Mr. Griego prays for judgment against Defendants as follows:

1.     That Defendants must pay Plaintiff such damages that Plaintiff has sustained or will sustain because of Defendants' conduct, and to account for all gains, profits and advantages derived by them from such conduct in an amount to be proved at trial;

2.     That Defendants must pay statutory damages to Plaintiff in an amount to be proved at trial;

3.     That all items that infringe Plaintiff's copyright be impounded, surrendered, and forfeited to Plaintiff for destruction or other disposition;

4.     That Defendants and Defendants' agents, servants, and employees, and each of them, and all persons acting in concert and participation with them, be

13

FIRST AMENDED COMPLAINT

permanently enjoined from infringing the copyright in Lord Quas;

5.    A judgment of this Court declaring that the '127 Registration, and the Lord Quas mark as used by Madlib Invazion, whether registered or at common law, are invalid and unenforceable;

6.    That Defendants must pay to Plaintiff his attorneys' fees and costs incurred in connection with the prosecution of this action;

7.    That Defendants must pay to Plaintiff awardable interest at the maximum legal rate; and

8.    For any further relief that the Court may deem just and proper.


Dated:  May 8, 2024                    ETHAN JACOBS LAW CORPORATION


                                       By:    /s/ Ethan Jacobs
                                              ETHAN JACOBS
                                              Attorneys for Plaintiff
                                              Keith Griego

FIRST AMENDED COMPLAINT

## **DEMAND FOR JURY TRIAL**

Under Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff Keith Griego demands trial by jury in this action on any issue triable of right by a jury.

Dated:  May 8, 2024                    ETHAN JACOBS LAW CORPORATION


                                       By:    /s/ Ethan Jacobs
                                              ETHAN JACOBS
                                              Attorneys for Plaintiff
                                              Keith Griego

FIRST AMENDED COMPLAINT

# Exhibit A

# United States of America

## United States Patent and Trademark Office



**Reg. No. 7,043,127**

**Registered May 02, 2023**

**Int. Cl.: 9, 25, 27, 28, 41**

**Service Mark**

**Trademark**

**Principal Register**

Madlib Invazion LLC  (CALIFORNIA LIMITED LIABILITY COMPANY)
5332 Mount Helena Avenue
Los Angeles, CALIFORNIA 90041

CLASS 9: Audio and video recordings featuring music and artistic performances; Audio and video recordings featuring music and performances; Audio digital tapes featuring music and performance; Audio tapes featuring music; Compact discs featuring music; Digital media, namely, pre-recorded DVDs, downloadable audio and video recordings, and CDs featuring and promoting music and performance; Digital media, namely, pre-recorded video cassettes, digital video discs, digital versatile discs, downloadable audio and video recordings, DVDs, and high definition digital discs featuring music and performance; Digital media, namely, CDs, DVDs, downloadable audio files, ringtones, video featuring music and performance; Digital music downloadable from the Internet; Downloadable MP3 files and MP3 recordings featuring music and performance; Downloadable multimedia file containing audio relating to music and performance; Downloadable music files; Downloadable musical sound recordings; Downloadable ring tones for mobile phones; Downloadable ring tones, graphics and music via a global computer network and wireless devices; Downloadable video recordings featuring music and performance; Downloadable music, MP3s, Ringtones, Art, Video via the internet and wireless devices; Musical sound recordings; Musical video recordings; Phonograph records featuring music; Pre-recorded CDs, video tapes, laser disks and DVDs featuring music and performance; Pre-recorded digital media devices featuring music and performance; Prerecorded audio tapes featuring music; Prerecorded audio tapes featuring music and performance; Prerecorded digital audio tape featuring music and performance

FIRST USE 1-15-1999; IN COMMERCE 1-15-1999

CLASS 25: Socks; Athletic jackets; Baseball caps and hats; Bucket hats; Graphic T-shirts; Hats; Hooded sweat shirts; Hoodies; Jogging pants; Pants; Shirts; Short-sleeved shirts; Sweat shirts; T-shirts; Toboggan hats

*Katherine Kelly Vidal*

**Director of the United States
Patent and Trademark Office**



FIRST USE 1-15-1999; IN COMMERCE 1-15-1999

CLASS 27: Rugs

FIRST USE 1-15-1999; IN COMMERCE 1-15-1999

CLASS 28: Toy animals; Toy figures; Toy stuffed animals; Plush toys; Stuffed toy animals; Stuffed toy bears; Stuffed toys; Stuffed and plush toys

FIRST USE 1-15-1999; IN COMMERCE 1-15-1999

CLASS 41: Disc jockey services; Entertainment services by a musical artist and producer, namely, musical composition for others and production of musical sound recordings; Entertainment services in the nature of live musical performances; Entertainment services in the nature of recording, production and post-production services in the field of music; Entertainment services, namely, providing non-downloadable prerecorded music via a website; Entertainment, namely, live performances by a musical band; Live performances by a musical group; Music composition services; Music production services; Production of sound and music video recordings; Songwriting

FIRST USE 1-15-1999; IN COMMERCE 1-15-1999

The color(s) Yellow, Red, Black, and White is/are claimed as a feature of the mark.

The mark consists of the Quasimoto alien character in yellow with black specks around the body, arms and legs, standing, with two ears protruding on top of his head and a long snout protruding forward as well as a white cigarette in the mouth, while it is holding a red brick in his left hand outlined in black.

The name(s), portrait(s), and/or signature(s) shown in the mark identifies Otis Jackson Jr., whose consent(s) to register is made of record.

SER. NO. 97-694,314, FILED 11-28-2022

---

**REQUIREMENTS TO MAINTAIN YOUR FEDERAL TRADEMARK REGISTRATION**

**WARNING: YOUR REGISTRATION WILL BE CANCELLED IF YOU DO NOT FILE THE DOCUMENTS BELOW DURING THE SPECIFIED TIME PERIODS.**

---

**Requirements in the First Ten Years\***
**What and When to File:**

- *First Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) between the 5th and 6th years after the registration date. See 15 U.S.C. §§1058, 1141k. If the declaration is accepted, the registration will continue in force for the remainder of the ten-year period, calculated from the registration date, unless cancelled by an order of the Commissioner for Trademarks or a federal court.

- *Second Filing Deadline:* You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between the 9th and 10th years after the registration date.\* See 15 U.S.C. §1059.

**Requirements in Successive Ten-Year Periods\***
**What and When to File:**

- You must file a Declaration of Use (or Excusable Nonuse) and an Application for Renewal between every 9th and 10th-year period, calculated from the registration date.\*

**Grace Period Filings\***

The above documents will be accepted as timely if filed within six months after the deadlines listed above with the payment of an additional fee.

**\*ATTENTION MADRID PROTOCOL REGISTRANTS:** The holder of an international registration with an extension of protection to the United States under the Madrid Protocol must timely file the Declarations of Use (or Excusable Nonuse) referenced above directly with the United States Patent and Trademark Office (USPTO). The time periods for filing are based on the U.S. registration date (not the international registration date). The deadlines and grace periods for the Declarations of Use (or Excusable Nonuse) are identical to those for nationally issued registrations. See 15 U.S.C. §§1058, 1141k. However, owners of international registrations do not file renewal applications at the USPTO. Instead, the holder must file a renewal of the underlying international registration at the International Bureau of the World Intellectual Property Organization, under Article 7 of the Madrid Protocol, before the expiration of each ten-year term of protection, calculated from the date of the international registration. See 15 U.S.C. §1141j. For more information and renewal forms for the international registration, see http://www.wipo.int/madrid/en/.

**NOTE: Fees and requirements for maintaining registrations are subject to change. Please check the USPTO website for further information. With the exception of renewal applications for registered extensions of protection, you can file the registration maintenance documents referenced above online at** http://www.uspto.gov.

**NOTE: A courtesy e-mail reminder of USPTO maintenance filing deadlines will be sent to trademark owners/holders who authorize e-mail communication and maintain a current e-mail address with the USPTO. To ensure that e-mail is authorized and your address is current, please use the Trademark Electronic Application System (TEAS) Correspondence Address and Change of Owner Address Forms available at** http://www.uspto.gov.

# Exhibit B

# Ethan Jacobs Law Corporation

January 18, 2023

**<u>Via Email</u>**

Stacey Epps
Epps Firm LLC
3070 Main Street
Kennesaw, GA 30144
stacy@yourcreativecounsel.com

**<u>Re: Infringing use of Lord Quas character</u>**

Dear Ms. Epps:

I represent Keith Griego (also known as DJ Design), the artist who created the visual depiction of the Lord Quas character used by Otis Jackson, Jr. (also known as Madlib):



Mr. Griego created the cover for Mr. Jackson's 1999 album, *Microphone Mathematics*, along with the distinctive character featured on the  cover that came to be known as "Quasimoto" or "Lord Quas." Mr. Jackson later adopted Mr. Griego's illustration as the graphical representation of his alter ego, Quasimoto.

As an artist, Mr. Griego is gratified by the appeal and further use of the Lord Quas character. At the same time, he is hurt that Quasimoto is using it without compensation, attribution, or permission. The copyright in the Lord Quas character belongs to the artist who created him—Mr. Griego—and Mr. Griego never assigned his copyright in Lord Quas. Also, the implied license to use Lord Quas on the *Microphone Mathematics* album does not extend to using the character for other purposes. But Quasimoto has used Lord Quas for other

Stacey Epps
January 18, 2023
Page 2

album covers, on marketing materials, and in a variety of merchandise, and continues to do so.

The Lord Quas t-shirt available for sale on Mr. Jackson's Rappcats website even attributes the "original" illustration of Lord Quas to Jeff Jank instead of to Mr. Griego:



You are already aware of Mr. Griego's rights. On November 28, 2022, you submitted an application to the USPTO on behalf of Madlib Invazion LLC to register a trademark that is a design mark depicting Lord Quas. Although the application states that the mark was first used in commerce on January 15, 1999—the approximate release date of *Microphone Mathematics*—the specimens you submitted with the description "[v]inyl, cassette, and CD for sale featuring Quasimoto and Music Video featuring Quasimoto" are all later recordings, released in 2013, 2014, and 2015. It appears that you omitted the specimen from 1999—the *Microphone Mathematics* album cover—because you know Madlib does not own the copyright in that work.

Your communications with Mr. Griego support that conclusion. On that same day, you contacted Mr. Griego on behalf of Madlib but without explaining what you wanted to discuss. You later wrote that you wanted to discuss "the Quasimoto trademark," but when Mr. Griego asked you to contact me, you did not.

100 Pine Street, Suite 1250 · San Francisco, CA 94111 · 415.275.0845 · ejacobslaw.com

Stacey Epps
January 18, 2023
Page 3

To be clear, Madlib Invazion cannot acquire rights to Mr. Griego's copyrights by obtaining a trademark registration, and it should not be prosecuting a trademark application in a character that belongs to Mr. Griego. The registration, if it issues, will infringe Mr. Griego's copyright.

Copyright owners have powerful rights, including the right to prevent others from using their works at all. Mr. Griego does not want to use that power to stop Quasimoto from using Lord Quas or to demand unfair terms. Instead, I propose that we discuss how Mr. Jackson can provide compensation and attribution to allow him to continue to use Mr. Griego's work going forward.

Please feel free to contact me by phone or email to discuss this matter.

Very truly yours,

Ethan Jacobs

100 Pine Street, Suite 1250 · San Francisco, CA 94111 · 415.275.0845 · ejacobslaw.com